IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RAMON A. JOYNER,                             )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     ) Civ. Action No. 18-451-CFC
                                             )
ADRIAN HAREWOOD, et al.,                     )
                                             )
            Defendants.                      )

**MEMORANDUM ORDER**

At Wilmington this 11th day of May 2020, having considered Plaintiff's requests

for counsel (D.I. 32, 39);

IT IS ORDERED that the requests for counsel (D.I. 32, 39) are **denied** without

prejudice to renew for the reasons that follows:

1.      Plaintiff seeks counsel on the grounds that he does not have the ability to

present his case, he is unskilled in the law, the case may turn on credibility

determinations, expert witnesses will be necessary, he cannot afford and attain counsel

on his own behalf, counsel would serve the best interests of justice, Defendants were

deliberately indifferent to Plaintiff's serious medical needs, and Defendants owed

Plaintiff a standard of care.

2.      A *pro se* litigant proceeding *in forma pauperis* has no constitutional or

statutory right to representation by counsel.[1]   *See Brightwell v. Lehman*, 637 F.3d 187,

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989)
(§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling
attorney to represent an indigent civil litigant, the operative word in the statute being

1

192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).   However,

representation by counsel may be appropriate under certain circumstances, after a

finding that a plaintiff's claim has arguable merit in fact and law.   *Tabron*, 6 F.3d at 155.

3.      After passing this threshold inquiry, the Court should consider a number of

factors when assessing a request for counsel.   Factors to be considered by a court in

deciding whether to request a lawyer to represent an indigent plaintiff include:   (1) the

merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case

considering his or her education, literacy, experience, and the restraints placed upon

him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to

which factual investigation is required and the plaintiff's ability to pursue such

investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and

(6) the degree to which the case turns on credibility determinations or expert testimony.

*See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at

155-56.   The list is not exhaustive, nor is any one factor determinative.   *Tabron*, 6 F.3d

at 157.

4..      Several of the *Tabron* factors militate against granting Plaintiff's request

for counsel at this time.   To date, Plaintiff has ably represented himself and presented

his claims.   In addition, he is currently engaged in the discovery process.   Also,

Defendants advise the Court they are in the process of obtaining Plaintiff's medical

records.   Once Defendants receive the records they shall provide Plaintiff a copy.

---

"request.").

5.    Accordingly, the Court finds that counsel is not necessary at this time.

Therefore, the requests will be denied without prejudice to renew.

_____
UNITED STATES DISTRICT JUDGE