IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Ramon A. Joyner,

    *Plaintiff*,

  v.                                 No. 1:18-cv-00451-SB

Adrian Harewood et al.,

    *Defendant*.

## MEMORANDUM ORDER

For the reasons that follow, I order that Plaintiff's Motion for Summary Judgment for Failure to Submit (Discovery) [D.I. 45], which I construe as a Motion to Compel, is granted:

1. Plaintiff Ramon A. Joyner asked Defendants to produce seven categories of documents in his Motion for Discovery [D.I. 33]:

   a. "Any and all grievances or complaints or other documents received by prison staff defendants or agents concerning the Plaintiff Ramon A. Joyner and any memoranda, investigative files or other documents created in response to such complaints , since January 1, 2016."

   b. "Any and all policies, directives, or instructions to staff concerning practices for treating and discovery of tuberculosis by Connections staff."

    c. "Any and all policies, directives, or instructions to staff concerning detecting tuberculosis by Connections staff."

    d. "All visits to Medical since January 1, 2016 documentation."

    e. "The Plaintiff's complete medical records from January 1, 2016 to the date of December 31, 2018."

    f. "All sick call requests from January 1, 2016 until the response."

    g. "Any and all documents created by Connections staff members from January 1, 2016 to[] date concerning the Plaintiff[']s medical care and not included in items 1 thr[ough] 6 of this request."

2. Defendants produced only one category of documents: Joyner's medical records. D.I. 51. They did not produce the other categories. Nor did they specifically indicate that such documents do not exist.

3. Now, Joyner seeks "summary judgment" against the prison for "failure to submit" the discovery he requested. D.I. 45.

4. I will not enter a default judgment against the prison. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi). Such a "drastic" remedy is not appropriate here. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867–70 (3d Cir. 1984).

5. District courts have an obligation to construe a pro se litigant's motions liberally. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Defendants treat Joyner's request, in the alternative, as a "Motion to Compel Discovery." D.I. 53. at 1. So will I.

6. As a pro se litigant, Joyner did not have to raise this discovery issue with Defendants before coming to this Court. D. Del. Local R. 7.1.1.

7. Nor did he have to file this Motion to Compel by a set deadline. *See* Fed. R. Civ. P. 37(a)(1). Anyways, Joyner filed his motion just over two weeks after discovery closed. *Compare* D.I. 45 *with* D.I. 43.

8. Defendants correctly note that, in his Motion to Compel, Joyner did not specify which documents he wants. But Joyner had previously set out a concrete list in his "Motion for Discovery." D.I. 33. That list provides this Court, and Defendants, with enough guidance. *See Parkell v. Coupe*, No. 14-601-SLR, 2017 WL 1170901, at *2 (D. Del. Mar. 29, 2017).

9. Thus, I order that Defendants must produce all items requested in Plaintiff's "Motion for Discovery" [D.I. 33], if they exist, by February 1, 2021.

10. Defendants must also provide an itemized response to Plaintiff's "Motion for Discovery" [D.I. 33] by February 1, 2021. For each of the seven requested categories of documents, Defendants must specifically state either that they have produced the document or that the document does not exist.

11. I find "good cause" for this limited change to the scheduling order. Fed. R. Civ. P. 16(b)(4).

Dated: January 6, 2021

_____
UNITED STATES CIRCUIT JUDGE