IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAMON A. JOYNER,

    *Plaintiff*,

    v.

ADRIAN HAREWOOD, ET AL.,

    *Defendants*.

No. 18-cv-00451-SB

---

Ramon A. Joyner, Smyrna, Delaware.

*Pro Se Plaintiff.*

Roopa Sabesan, WHITE & WILLIAMS LLP, Wilmington, Delaware.

*Counsel for Defendants.*

---

# MEMORANDUM OPINION

February 25, 2021

BIBAS, *Circuit Judge*, sitting by designation.

Ramon Joyner, a prisoner, often complained of breathing problems. Twice, he tested negative for tuberculosis. The third time, he tested positive. By then, he was in the hospital because his right lung had collapsed.

Joyner now sues the prison officials for failing to catch and treat his infection in time. To get to trial, he must show that the officials were deliberately indifferent to a serious risk to his health. But the prison doctor tested and treated him promptly. And the other officials were not involved in his treatment. So no reasonable jury could find that the officials were deliberately indifferent. I will thus grant the officials' motion for summary judgment and deny Joyner's request for counsel.

## I. BACKGROUND

Each year, Delaware prisons test all their inmates for tuberculosis. Del. Dep't Corr. Policy 11-B-02 § VI(G)(3) (2020). In 2017, the prison gave Joyner his TB skin test. D.I. 52, C.R. 182. Two days later, he had no irritation. *Id.* So the prison marked it as a negative test. *Id.*

A month later, Joyner came into the infirmary, complaining of a cough and congestion. C.R. 181. His TB test site was irritated. *Id.* But the irritation came weeks after the test, and Joyner denied any other symptoms. So his doctor, David Mazur, concluded it was "a hypersensitivity reaction" to the test. C.R. 181. The year before, Joyner also had some slight irritation at his test site. C.R. 200.

For the next two months, Joyner sporadically complained of breathing problems. C.R. 179–80, 430. He had no other symptoms. C.R. 178. And he had not been around anyone

2

with TB. *Id.* Still, Dr. Mazur ordered a chest x-ray. *Id.* The x-ray showed small spots in the right lung, which a technician said could be TB. D.I. 52-2, C.R. 1319. Dr. Mazur did a TB blood test, which came back negative. C.R. 178, 1230.

Two weeks later, Joyner visited the infirmary for his shortness of breath. C.R. 176. He had no sounds in his right lung. *Id.* So the prison rushed him to the hospital. D.I. 46, at 3. There, new tests said that Joyner had TB. C.R. 897. Joyner spent weeks in intensive care. C.R. 924. Eventually, the hospital removed his right lung. C.R. 936.

Joyner sued seven prison officials under 42 U.S.C. §1983. He says that they violated the Eighth Amendment by failing to catch and treat his TB infection in time. Compl. at 5, D.I. 3. Now, the prison officials have asked for summary judgment. The parties agree on the material facts. *Compare* D.I. 46, at 1–4 *with* D.I. 49, at 1. So I must grant the officials' motion if they win as a matter of law. Fed. R. Civ. P. 56(a).

## II. JOYNER'S CLAIMS FAIL AS A MATTER OF LAW

The Eighth Amendment forbids wantonly letting a prisoner suffer needless pain. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison cannot ignore its inmates' serious medical needs. *Id.* But mere negligence does not violate the Eighth Amendment. *Id.* at 106. Accidentally failing to catch and treat a disease is not enough. *Id.* at 105–06.

To get to trial, Joyner must offer enough evidence for a reasonable jury to find that each prison official was deliberately indifferent to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Certainly, Joyner suffered serious harm: he developed TB, lost a lung, and spent months in the hospital and infirmary. But he has not offered any evidence that the prison officials were deliberately indifferent to a serious risk of that harm.

He points to only one official involved in his diagnosis and treatment, Dr. Mazur. But Dr. Mazur took steps to diagnose him. So Joyner cannot take his case to a jury.

### A. Joyner did not link five of the defendants to his diagnosis and treatment

Joyner sued seven prison officials. To succeed under § 1983, each official must have personally violated his Eighth Amendment right. *Thomas v Tice*, 948 F.3d 133, 138 (3d Cir. 2020). So he must explain how each official acted to ignore an excessive risk of infection. *See id.* At summary judgment, Joyner does not mention five of the defendants: the medical administrator, nurse practitioner, nurse, and two x-ray technicians. *See* D.I. 49. So I must grant summary judgment for those defendants. *See Thomas*, 948 F.3d at 139.

### B. Joyner did not show that the prison CEO could not trust his doctors

I must also grant summary judgment for Matthew Wofford, the CEO of the prison. According to Joyner, Wofford knew that the prison had a TB outbreak yet did not take appropriate steps to prevent infection. D.I. 49, at 1. Notably, however, Joyner offers no evidence of this outbreak. Fed. R. Civ. P. 56(c).

Even if the outbreak did happen, Wofford was not deliberately indifferent to Joyner's health. If a prisoner is being treated by doctors, other nonmedical prison officials can trust "that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). To be deliberately indifferent, Wofford had to know (or have reason to know) that the prison doctors were not giving Joyner proper medical care. *Id.* Joyner has pointed to no evidence of that.

### C. Joyner did not show that Dr. Mazur willfully ignored a serious risk of infection

Joyner did identify one official who was personally involved in his treatment: Dr. Mazur. Dr. Mazur heard Joyner's complaints, checked out his TB test site, and ordered tests. Joyner claims that his care was inadequate. But based on the record, no reasonable jury could find that Dr. Mazur was deliberately indifferent to a potential infection. *Farmer*, 511 U.S. at 828. So Joyner's claim against him fails too.

A prison doctor must exercise his professional medical judgment. *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). If he does so, he is not deliberately indifferent, even if he makes a mistake. *Id.* When an official acts promptly and reasonably, he is not willfully or recklessly ignoring a serious risk of harm. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Dr. Mazur did not disregard a serious risk that Joyner had TB. True, Joyner had a reaction to his TB test. C.R. 181; D.I. 58, C.R. 1576. But Dr. Mazur exercised his medical judgment in deciding that delayed reaction was from "hypersensitivity," not a positive test. C.R. 181. Joyner has not pointed to any evidence in the record to show that diagnosis was medically unreasonable. *Pearson v. Prison Health Serv.*, 850 F.3d 526, 536 (3d Cir. 2017). Plus, Dr. Mazur did not rest on his initial diagnosis alone. He kept track of Joyner's symptoms. C.R. 178–79. He scheduled a chest x-ray. C.R. 178. And he conducted a blood test for TB, which came back negative. C.R. 178, 1230.

Joyner suggests that Dr. Mazur chose not to do more tests to cut costs. D.I. 49, at 2. A prison doctor cannot give inadequate care merely to save money. *See Parkell v. Danberg*,

833 F.3d 313, 337 (3d Cir. 2016). According to Joyner, a nurse said that the prison "could save a lot of money by just letting [him] go home." D.I. 49, at 1. That hearsay is not enough for a reasonable jury to find that Dr. Mazur *himself* did not do more because he wanted to save money. Anyway, Joyner has not shown that Dr. Mazur's care was inadequate. So I will grant summary judgment for Dr. Mazur.

### III. JOYNER WILL NOT GET APPOINTED COUNSEL

Finally, Joyner renews his request for counsel. D.I. 50. Joyner does not have a right to appointed counsel. *Parkell*, 833 F.3d at 340. Still, I can appoint counsel if Joyner shows that he is likely prejudiced without it. *Id.* He has not. This case is not complex and does not turn on witnesses' credibility. *Id.* at 340–41. Joyner asked for specific written discovery and got it. D.I. 33; D.I. 52; D.I. 58. Plus, Joyner presented his own case capably, making clear, thoughtful arguments. *Parkell*, 833 F.3d at 341. So I deny his request to appoint counsel.

\* \* \* \* \*

Joyner faults the prison for not doing more to catch and treat his infection. That is a medical-malpractice claim, not one for cruel and unusual punishment. *Estelle*, 429 U.S. at 106. Joyner did not show that any of the officials saw a serious risk of infection and yet ignored it. So I will grant summary judgment to the officials and deny Joyner's request for counsel.